a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

CLAY LANDIS RIGGS #330713,        CIVIL DOCKET NO. 1:22-CV-00471
Plaintiff       SEC P

VERSUS       JUDGE DAVID C. JOSEPH

CRANFORD JORDAN,       MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Clay Landis Riggs ("Riggs").  Riggs is a pretrial detainee incarcerated at the Winn Parish Detention Center ("WPDC") in Winnfield, Louisiana.

Because additional factual information is needed to determine the viability of his claims, Riggs must AMEND the Complaint (ECF No. 7).

## I.  Background

Riggs alleges that a Winn Parish Sheriff's Deputy attempted a traffic stop while Riggs was driving on a secluded gravel road on January 30, 2022.  ECF No. 1 at 1.  Riggs admittedly refused to stop and began to drive back to Winnfield, "where several attempts were made by the Winn Parish Sheriff's Department and the Louisiana State Police to run [Riggs's] private carriage of the road where 3 gun shots were fired. . . ."  ECF No. 1 at 2.  Riggs asserts that he was forced off the road and his truck flipped into a creek.  *Id.*

Riggs alleges that he was injured in the crash and from officer's force used during his arrest.  Riggs asserts that he informed Officer Walker of his need for medical care, but he was placed in a police car and taken to WPDC without receiving treatment.  *Id.*

Riggs further alleges that Defendants "falsified documents and intentionally lied under oath" to arrest him for kidnapping his "common law wife" and other charges.  EDF No. 1.

In a later Complaint (ECF No. 7), Riggs alleges that he was transported to an outside physician on February 15, 2022.  The doctor ordered x-rays and prescribed Diclofenac.  ECF No. 7-1 at 1, 6.  Riggs received the x-ray results the following week. The radiologist found no fracture or dislocations involving the cervical spine and normal alignment.  ECF No. 7-2 at 2.  Anterior osteophytes and early disc height loss were present at the C5-6 level, resulting in bilateral neural foraminal encroachment. All other levels were normal.  *Id.*  The doctor recommended an MRI if Riggs experienced dermatome specific reticular adenopathy at that level.  *Id.*

Riggs requested a follow-up exam so the MRI could be ordered.  In response to his request, Riggs was transported to Winn Medical Center where he was examined by Dr. Baddel.  ECF No. 7-1 at 8.  Dr. Baddel stated that Riggs had arthritis in his neck and nerve damage.  Riggs asserts that she changed Riggs's medication and "set up an appointment for a[n] MRI" on an unspecified date.  *Id.*

Riggs maintains that he had no issues with his neck or back prior to the wreck in January 2022.  *Id.* at 9.  He claims that Defendants unconstitutionally delayed his

initial medical treatment for 16 days.  He seeks over $12 million in damages and asks that the Court order Defendants to bring him to a spine specialist at LSU for a second opinion.  *Id.*  He also seeks an order to prevent Defendants from retaliating against him.

## II.    Instructions to Amend

### A.    Riggs must provide further details regarding the cause of his injuries.

Riggs alleges that his injuries were caused both by the crash and by Deputy Walker during Riggs's arrest.  Riggs must specify what injuries were caused from the wreck, and what injuries were caused by Deputy Walker.

To the extent Riggs alleges that Deputy Walker used excessive force during his arrest, he must amend to allege: (1) what injury he suffered; (2) the injury resulted directly and only from the use of force that was excessive to the need; and (3) the force used was objectively unreasonable.  *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).  Riggs should explain how the officer allegedly harmed him during the arrest and why the force used was excessive and unreasonable.

Additionally, Riggs must amend to state what charges are pending against him so the Court can determine whether his claim against Deputy Walker is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Wallace v. Kato*, 549 U.S. 384 (2007).[1]

---

[1] To recover damages for an allegedly unconstitutional conviction or other harm "caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a statute tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas." *Heck*, 512 U.S. at 486-87.  Since the criminal prosecution remains pending, *Heck* does not

3

## B.  <u>Riggs must provide additional details regarding his medical treatment.</u>

Riggs alleges that Dr. Baddel. "set up an appointment for a[n] MRI."  ECF No.
7-1 at 8.  Riggs complains that he never received the MRI.  Riggs should amend to
state when and where Dr. Baddel scheduled the MRI.

Riggs states that WPDC recently hired a new nurse.  ECF No. 15.  He should
amend and state whether he has been examined or treated by the new nurse.  If so,
he should state the date he was seen by the nurse and what treatment he received, if
any.

## C.  <u>Riggs must amend to provide facts in support of his retaliation claim.</u>

Riggs alleges that he is being "denied the proper medical attention out of
retaliation from prior claims" against Sheriff Jordan.  ECF No. 7-1 at 5.   To state a
claim for retaliation, a prisoner must allege: (1) a specific constitutional right; (2) the
defendant's intent to retaliate against the prisoner for his or her exercise of that right;
(3) a retaliatory adverse act; and (4) causation.  *See Jones v. Greninger*, 188 F.3d 322,
324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)).
An inmate must allege more than his personal belief that he is the victim of
retaliation.  *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation
omitted).  "The inmate must produce direct evidence of motivation or, the more
probable scenario, 'allege a chronology of events from which retaliation may plausibly

---

yet apply.  *See Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck* rule applies only when there has
been a conviction or sentence that has not been invalidated, not to pending criminal charges.);
*Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) ("If a pretrial detainee brings
claims that may ultimately be barred by *Heck*, the best practice is for the district court to
stay the proceedings until the pending criminal case is resolved.").

be inferred.'"  *Jones*, 188 F.3d at 325 (citations omitted).  Riggs must amend his complaint to state a plausible claim of retaliation against Sheriff Jordan.

## III.    Conclusion

Because additional information is needed to evaluate the viability of Riggs's claims, IT IS ORDERED that he AMEND the Complaint as outlined herein within 30 days of the date of this Order

Failure to comply with this Order may result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED on Wednesday, April 6, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE