a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLAY LANDIS RIGGS #330713,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00471<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CRANFORD JORDAN,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Clay Landis Riggs ("Riggs").  At the time of filing, Riggs was a pretrial detainee incarcerated at the Winn Parish Detention Center ("WPDC") in Winnfield, Louisiana.  He has since been transferred to the Catahoula Correctional Center ("CCC").

Because Riggs fails to state a claim for injunctive relief or for damages against Defendants, his Complaints (ECF Nos. 7, 17, 18, 22) should be DENIED and DISMISSED WITH PREJUDICE, except for his excessive force claim against Defendant Walker, which should be STAYED pending the outcome of Riggs's criminal proceedings.

I. **Background**

Riggs alleges that a Winn Parish Sheriff's Deputy attempted a traffic stop while Riggs was driving on a secluded gravel road on January 30, 2022.  ECF No. 1 at 1.  Riggs admittedly refused to stop and began to drive back to Winnfield, "where

several attempts were made by the Winn Parish Sheriff's Department and the Louisiana State Police to run [Riggs's] private carriage of the road where 3 gun shots were fired. . . ." ECF No. 1 at 2. Riggs asserts that he was forced off the road and his truck flipped into a creek. *Id.*

Riggs alleges that he was injured in the crash and from Officer Walker's use of force during his arrest. Riggs asserts that he informed Officer Walker of his need for medical care, but he was placed in a police car and taken to WPDC without receiving treatment. *Id.*

Riggs further alleges that Defendants "falsified documents and intentionally lied under oath" to arrest him for kidnapping his "common law wife" and other charges. EDF No. 1. According to his exhibits, Riggs was charged with charged with the modification of exhaust systems, speeding, reckless operation, aggravated flight from an officer where human life is endangered, criminal trespass, operating a vehicle without a valid license, and aggravated criminal damage to property. ECF No. 18-1 at 1.

In a later Complaint (ECF No. 7), Riggs alleges that he was transported to an outside physician on February 15, 2022. The doctor ordered x-rays and prescribed Diclofenac. ECF No. 7-1 at 1, 6. Riggs received the x-ray results the following week. The radiologist found no fracture or dislocations involving the cervical spine and normal alignment. ECF No. 7-2 at 2. Anterior osteophytes and early disc height loss were present at the C5-6 level, resulting in bilateral neural foraminal encroachment.

All other levels were normal. *Id.* The doctor recommended an MRI if Riggs experienced dermatome specific reticular adenopathy at that level. *Id.*

Riggs requested a follow-up exam so the MRI could be ordered. In response to his request, Riggs was transported to Winn Medical Center where he was examined by Dr. Baddel. ECF No. 7-1 at 8. Dr. Baddel stated that Riggs had arthritis in his neck and nerve damage. Riggs asserts that she changed Riggs's medication and scheduled an MRI. *Id.*

Riggs had an MRI on March 30, 2022, but he had not received any results as of his Amended Complaint on April 11, 2022. ECF No. 18 at 4.

Riggs claims that he was transferred from WPDC to CCC "so that Plaintiff is deprived of the results of the … MRI." ECF No. 17 at 2.

Riggs also attempts to present new medical care claims involving CCC. ECF No. 22.

Riggs maintains that he had no issues with his neck or back prior to the wreck in January 2022. *Id.* at 9. He claims that Defendants unconstitutionally delayed his initial medical treatment for 16 days. He seeks over $12 million in damages and asks that the Court order Defendants to bring him to a spine specialist at LSU for a second opinion. *Id.* He also seeks damages for retaliation.

II.  **Law and Analysis**

    A.  **Riggs's Complaint is subject to preliminary screening.**

Riggs is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 11. As a prisoner seeking redress from an officer or employee of a governmental

3

entity, Riggs's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Riggs's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Riggs fails to state a claim for damages for a delay in medical care at WPDC.

To state a claim for the denial of medical care, a plaintiff must allege that the defendants "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical need.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.

4

1985)). An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for medical deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim); *Norton v. Dimazana*, 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show a constitutional violation). A delay in medical care rises to the level of a constitutional violation only if it is occasioned by deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Riggs complains that he had to wait two weeks to be examined by a physician at WPDC. Once seen, the doctor ordered x-rays and prescribed Diclofenac. ECF No. 7-1 at 1, 6. Riggs received the x-ray results the following week, which showed anterior osteophytes and early disc height loss at the C5-6 level and normal findings at other levels. *Id.* Thus, although Riggs alleges that he suffered a "spine injury" when he crashed his vehicle, the radiologist found no fracture or dislocations involving the cervical spine and normal alignment. ECF No. 7-2 at 2. His allegation is conclusory.

Riggs was transported to Winn Medical Center where he was examined by Dr. Baddel. ECF No. 7-1 at 8. Dr. Baddel stated that Riggs had arthritis in his neck and nerve damage. Dr. Baddel ordered an MRI, which was performed on March 30, 2022.

Thus, in a two-month span at WPDC, Riggs was examined by two doctors, received an x-ray, and had an MRI. His allegations do not show that Defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical need. *See Domino*, 239 F.3d at 756.

Although Riggs had to wait two weeks for care, he has not alleged that the two-week delay was due to deliberate indifference. Even if he could show the delay was caused by deliberate indifference, Riggs has not alleged that the delay resulted in substantial harm or posed any substantial risk to his health. *See Dugas v. Quintenero*, 2:17-CV-48, 2019 WL 454461, at *13 (S.D. Tex. 2019), *subsequently dismissed sub nom. Dugas v. Quintero*, 837 F. App'x 310 (5th Cir.2021) (citing *Witt v. Bell*, 551 F. App'x 240, 241 (5th Cir. 2014) (concluding that a prisoner's two-week delay in receiving treatment for a broken toe did not constitute deliberate indifference as the injury suffered was not so serious or the pain so severe to pose a risk to the prisoner's health).

C. <u>Riggs's claim of excessive force should be stayed.</u>

Riggs alleges that Officer Walker used excessive force when restraining him after Riggs was "forced off the road." Riggs's claim of excessive force is related to the pending charge of aggravated flight from an officer where human life is endangered.

To recover damages for an allegedly unconstitutional conviction or other harm "caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a statute tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, if Riggs is ultimately convicted of the offense, he will not be entitled to seek compensatory damages until the conviction has been declared invalid.

Since the criminal prosecution remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.). However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *See Wallace*, 549 U.S. at 393–94; *Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved."). Therefore, Riggs's excessive force claim against Officer Walker should be stayed until the case is resolved.

### D. Riggs fails to state a retaliation claim.

Riggs initially alleged that he was being "denied the proper medical attention out of retaliation from prior claims" against Sheriff Jordan. ECF No. 7-1 at 5. In an

7

Amended Complaint, he alleges that "Crawford Jordan is intentionally retaliating against the plaintiff for petitioning this honorable court for assistance in receiving proper medical care." ECF No. 17. And in another Amended Complaint, Riggs asserts that he was transferred to CCC in retaliation for seeking medical care. ECF No. 22.

To state a claim for retaliation, a prisoner must allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Jones*, 188 F.3d at 325 (citations omitted).

Riggs alleges that after petitioning the Court for an MRI, he was provided the MRI. ECF No. 17 at 1. Thus, Riggs does not allege a retaliatory adverse act for petitioning the Court—instead he received the relief requested.

Riggs also claims that he was transferred from WPDC to CCC as retaliation for seeking medical care and so he would not receive the MRI results. ECF No. 17 at 2. First, his allegation is conclusory. Additionally, in his most recent Amended Complaint, Riggs indicates that received the MRI results. ECF No. 22 at 1.

Riggs does not provide any non-conclusory allegations that he suffered a retaliatory adverse act caused by Defendant's desire to prevent him from obtaining care or test results.

### E. Riggs's request for injunctive relief is moot.

Riggs asks that WPDC Defendants be ordered to transfer him to see a specialist and to refrain from retaliation. However, because Riggs is no longer incarcerated at WPDC, his request for injunctive relief against the named Defendants is moot. *See Wilson v. Texas Dept. of Criminal Justice*, 544 F. App'x 440, 440 (5th Cir. 2013) (per curiam) (affirming dismissal as moot claims for injunctive relief based on transfer of prisoner to another facility); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot"); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional deprivation of food at former prison); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief for conditions of confinement).

To the extent Riggs seeks treatment or damages for any injuries sustained at CCC, he must file a new Complaint naming the appropriate defendants at that facility.

## III. Conclusion

Because Riggs fails to state a claim for injunctive relief or for damages against Defendants, IT IS RECOMMENDED that his Complaints (ECF Nos. 7, 17, 18, 22) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e) and 1915A, except for his excessive force claim against Defendant Walker, which should be STAYED pending the outcome of Riggs's criminal proceedings. Riggs must initiate a new § 1983 suit for any relief arising out of his detention at CCC.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, May 18, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE